United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 9, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30739
Summary Calendar
_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

EMANUEL WILSON

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:03-CR-50115-1
--------------------

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Emanuel Wilson appeals the sentence imposed following his guilty plea to conspiracy to distribute crack cocaine.  He argues (1) for the first time on appeal and pursuant to Blakely v. Washington, 124 S. Ct. 2531 (2004), that his sentence is illegal and (2) pursuant to Crawford v. Washington, 124 S. Ct. 1354 (2004), that the district court's reliance on his co-defendant's out-of-court statement to ascertain drug quantity violated his rights under the Confrontation Clause.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Wilson has not established plain error with regard to his Blakely claim because he has not established that his sentence, imposed under the mandatory guidelines scheme, affected his substantial rights. The record does not indicate that the district court "would have reached a significantly different result" under a sentencing scheme in which the guidelines were advisory only. See United States v. Mares, __F.3d__, No. 03-31035, 2005 WL 503715, at **8-9 (5th Cir. Mar. 4, 2005).

Wilson's argument pursuant to Crawford that his Sixth Amendment rights were violated at sentencing is foreclosed by United States v. Navarro, 169 F.3d 228, 236 (5th Cir. 1999), which held that "there is no Confrontation Clause right at sentencing."

AFFIRMED.